[Cite as *Miller v. Canton*, 2011-Ohio-574.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


COLLIN MILLER            :        JUDGES:
                         :        Hon. W. Scott Gwin, P.J.
        Appellee         :        Hon. Sheila G. Farmer, J.
                         :        Hon. John W. Wise, J.
-vs-                     :
                         :
CITY OF CANTON           :        Case No. 2010CA00008
                         :
        Appellant        :        O P I N I O N


CHARACTER OF PROCEEDING:          Appeal from the Court of Common Pleas,
                                  Case No. 2009CV02731


JUDGMENT:                         Reversed and Remanded


DATE OF JUDGMENT ENTRY:           February 7, 2011


APPEARANCES:

For Appellant                     For Appellee

KEVIN R. L'HOMMEDIEU              DAVID L. HERBERT
THOMAS A. BURNS                   KRISTINE W. BEARD
218 Cleveland Avenue, SW         4450 Belden Village, NW
Canton, OH  44701-4218           Canton, OH  44718

*Farmer, J.*

{¶1}    In 1999, appellee, Collin Miller, received a permit from the zoning inspector for appellant, the City of Canton, to erect a fence around his property located on Cleveland Avenue in Canton, Ohio.  Appellee was permitted to build up to a nine foot fence.

{¶2}    Over the next several years, parts of the fence were vandalized and/or stolen.  Appellant notified appellee that his fence needed to be repaired.  Necessary parts could not be found, so appellee decided to replace the fence.  In 2007, appellee received a new permit to replace the fence, permitting him to build a fence up to four feet high.

{¶3}    Appellee erected a new fence in place of the old fence, on top of a brick retaining wall.  The total height of the new fence from the ground level was 4' 9".

{¶4}    In 2009, appellee received a notice of violation regarding the height of the new fence.  Appellee appealed to the Canton Board of Zoning Appeals, requesting a variance.  A hearing was held on June 16, 2009.  By decision dated June 17, 2009, the Board of Zoning Appeals denied the request.

{¶5}    On July 14, 2009, appellee filed an appeal with the Court of Common Pleas of Stark County, Ohio.  Appellee argued: 1) a new permit was not required as the 1999 permit up to nine feet controlled the replacement of his fence, and (2) the applicable ordinance regarding height requirements for fences was silent and ambiguous as to how to measure for height.  By judgment entry filed December 15, 2009, the trial court agreed with appellee's first argument and reversed the Board's decision.

{¶6} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶7} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT CANTON COULD NOT REQUIRE MILLER TO OBTAIN A PERMIT TO ERECT A FENCE IN ACCORDANCE WITH ITS ZONING ORDINANCE."

I

{¶8} Appellant claims the trial court erred in finding because of the existence of the 1999 permit, it could not require appellee to obtain a new permit to install a new fence to replace the 1999 fence. We agree.

{¶9} R.C. 2506.04 governs appeals from administrative agencies and states the following:

{¶10} "The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code."

{¶11} In *Henley v. Youngstown Bd. of Zoning Appeals,* 90 Ohio St.3d 142, 147, 2000-Ohio-493, citations omitted, the Supreme Court of Ohio discussed the difference

between the standards of review to be applied by the trial court and the court of appeals:

{¶12} "Construing the language of R.C. 2506.04, we have distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals. The common pleas court considers the 'whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence.***

{¶13} "The standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is '*more limited* in scope.' (Emphasis added.)***. 'This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on ''questions of law,'' which does not include the same extensive power to weigh "the preponderance of substantial, reliable and probative evidence," as is granted to the common pleas court.'***'It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court.***The fact that the court of appeals, or this court, might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.'***"

{¶14} In reviewing the trial court's decision, this court must apply the abuse of discretion standard. *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable,

arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217."

{¶15}  The facts are not in dispute, and are adequately summarized in Exhibit 1, attached to the record and transcript from the variance hearing before the Canton Board of Zoning Appeals filed August 24, 2009:

{¶16}  "Mr. Miller installed a 6' high metal fence around the front of his property with a permit dated Sept. 20, 1999.  The fence was metal with the spindles spaced about 3" apart, installed on top of a small brick wall bordering the front yard of the property.  Between the wall and the fence, Mr. Miller hoped to keep debris and trespassers off his property.

{¶17}  "The fence became an issue with the two adjacent neighbors, both stating the fence was obstructing the view of traffic when exiting these two businesses.  This escalated into a major situation and the fence was gradually broken off of the wall and either stolen or the pieces would be neatly stacked near the front porch.

{¶18}  "After most of the fence was removed, Mr. Miller came to the Zoning office to see if he could have another permit to install a shorter, 4' high vinyl fence around the front yard area.  The past problems were discussed with a new permit being issued on September 26, 2007.  The new fence is a 4' high vinyl mounted with the base of the fence even with the top of the brick wall, making the wall and fence combo 4' 9" tall.

{¶19}  "The fence has brought back the original issues of obstruction of visibility." See, Board of Zoning Appeals Staff Review.

{¶20}  Also attached to the record and transcript is a letter from appellee to the Board of Zoning Appeals wherein appellee stated the following:

{¶21} "I purchased a new permit to build a new fence. I was told only a 4 ft fence would be allowed. I had constructed a new fence 4 ft high as measured from the inside of my brick wall. This fence is three foot lower than the fence I previously had.

{¶22} "A letter dated April 16, 2009 indicates that the fence is too high and I would have to lower it or remove it. The measurement was taken from an adjoining property and the sidewalk. See exhibit 'B'.

{¶23} "It has been agreed by the law department that the 'Building and Zoning Code is silent as to where the four foot height could be measured from, is within the inspector's discretion to use either one of two standards i.e. from the grade at the sidewalk level or in this case, the abutting driveway.' See exhibit 'C'. I am contesting that the ordinance is by the law department's own admission is silent regarding the way a fence height is measured. Also, I believe the obstruction of view is not an issue as per exhibit 'D.' "

{¶24} As depicted in Exhibits A, B, and C, the new fence was constructed in a similar way as the 1999 fence. The main posts for support were anchored into the ground while the fence balustrades rested on top of the brick wall. Per appellee's testimony, the brick wall was constructed at the time of the installation of the 1999 fence. See, Record and Transcript, Exhibit 3 at 3-4.

{¶25} Despite appellee's contention that he was given a verbal assent to repair/replace the fence without acquiring a new permit, he nevertheless applied for and received a new permit in 2007. We note "[e]quitable estoppel does not apply against a state or its agencies in the exercise of a governmental function.***The enforcement of a

zoning ordinance is a governmental function of a municipal corporation***." *City of Westerville v. Kuehnert* (1988), 50 Ohio App.3d 77, 83. (Citations omitted.)

{¶26} In his brief to the trial court, appellee argued: 1) a new permit was not required as the 1999 permit up to nine feet controlled the replacement of his fence, and 2) the applicable ordinance [Canton City Ordinance 1129.05(b)] regarding height requirements for fences was silent and ambiguous as to how to measure for height. The trial court agreed with appellee's first argument:

{¶27} "The Court agrees with the Appellant [appellee herein] that no permission was ever required by the Canton BZA to replace the dilapidated aluminum fence with the white vinyl fence along his property line, as a permit was granted in 1999 for the erection of a fence not to exceed 9' high. Additionally, the replacement of the aluminum fence only occurred because the City contacted the Appellant and instructed him to repair his fence. The combined height of the brick wall and aluminum fence erected in 1999 was 6'. The combined height of the white vinyl fence and the brick wall is 4'9", which is actually 2' lower in height than the original fence. Further, the permit issued in 1999 did not contain any restrictions on replacing the fence and the permit issued in 1999 was never revoked." See, Judgment Entry filed December 15, 2009.

{¶28} The trial court did not issue a ruling on appellee's second argument regarding the ambiguity of how to measure a fence for height.

{¶29} Canton City Ordinance 1129.05 governs fences and states the following in pertinent part:

{¶30} "Fences and walls shall be permitted in any required yard or along the edge of any yard in accordance with the following provisions:

{¶31} "(a) Such fence or wall may be placed up to the lot line;

{¶32} "(b) Such fence or wall may be four feet in height in the front yard, six feet in height in the side yard and eight feet in height in the rear yard."

{¶33} Canton City Ordinance 1161.02 provides the following in pertinent part:

{¶34} "No building or other structure shall be erected, moved, added to or structurally altered***without a certificate issued by the Zoning Inspector unless he receives a written order from the Board of Zoning Appeals as provided by this Ordinance.

{¶35} "A zoning certificate shall be required for any of the following, except as herein provided:

{¶36} (g) Fences."

{¶37} In his own testimony, appellee admitted the 1999 permitted fence no longer existed as "over the years several chunks kept getting stolen um, ripped off of it, that kind of thing and certainly in the last uh, couple years major chunks um, got stolen." T. at 3. Appellee could not find replacement parts, so "the rest of the fence got taken off the wall" (T. at 4), or as he averred in his letter to the Board of Zoning Appeals, "the remaining portion of my fence has been taken down by the Building department without due process."

{¶38} Based upon these facts, we conclude Canton City Ordinance 1161.02(g) required a new permit, and the trial court erred in finding the 1999 permit controlled the building of the new fence.

{¶39} Because the trial court did not address appellee's second argument as outlined in his brief to the trial court, we remand the issue to the trial court for such determination.

{¶40} The sole assignment of error is granted.

{¶41} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed, and the matter is remanded to said court for further determination.

By Farmer, J.

Gwin, P.J. and

Wise, J. concur.

s/ Sheila G. Farmer_____

s/ W. Scott Gwin_____

s/ John W. Wise_____

JUDGES

SGF/sg 124

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

COLLIN MILLER                         :
                                       :
       Appellee                  :
                                       :
-vs-                                 :            JUDGMENT ENTRY
                                       :
CITY OF CANTON                  :
                                       :
       Appellant               :            Case No. 2010CA00008

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is reversed, and the matter is remanded to said court for further determination as set forth in the opinion. Costs to be divided equally between the parties.

s/ Sheila G. Farmer_____

s/ W. Scott Gwin_____

s/ John W. Wise_____

JUDGES